UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

EDWARD HONIG,

                Plaintiff,

    -against-

CARDIS ENTERPRISES INTERNATIONAL N.V.,
CARDIS ENTERPRISES (U.S.A.)
INTERNATIONAL, INC.,
ROMLIGHT INTERNATIONAL (U.S.A.), INC.,
CHOSHEN ISRAEL LLC,
AARON DAVID FISCHMAN,
AVI TOKAYER, STEVEN HOFFMAN, AND
LAWRENCE KATZ,

                Defendants.
-----------------------------------------------------------X

**ORDER**
14-CV-7548 (SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 12 2015 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On December 30, 2014, plaintiff Edward Honig brought this action against defendants Aaron David Fischman (Fischman), Avi Tokayer (Tokayer), Steven Hoffman (Hoffman), Lawrence Katz (Katz), Cardis Enterprises International N.V. (Cardis), Cardis Enterprises (U.S.A.), Inc. (Cardis USA), Romlight International (U.S.A.) (Romlight), and Choshen Israel, LLC (Choshen) (collectively, "defendants"), alleging securities fraud, common law fraud, and seeking an accounting. [Docket No. 1]. On March 30, 2015, defendants moved for dismissal pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure for failure to state a claim, Rule 9(b) for failure to plead fraud with particularity, and Rule 12(b)(5) for defective service-of-process on defendants Cardis and Tokayer. [Docket No. 17]. Plaintiff sought leave to amend his complaint, and asserted that he was attempting service on Cardis and Tokayer. [Docket No. 17]. For the reasons that follow, defendants' motion to dismiss pursuant to Rule 9(b) is granted in part, and denied in part; defendants' motion to dismiss under Rule 12(b)(5) is denied; plaintiff's

request to amend his complaint is granted; and defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is granted in part, and in part denied as moot.

I. FACTUAL BACKGROUND

For purposes of this motion, the Court accepts as true the following allegations found in the complaint. Defendant Cardis is a foreign corporation headquartered in the Netherlands, that develops and markets cost-effective software technology used for processing small credit card payments. Complaint (Compl.) 2, ¶ 3. Defendant Cardis USA is a Delaware corporation and affiliate of Cardis International that operates under a franchise agreement. Compl. 2, ¶ 3. Upon plaintiff's "information and belief," the two companies are "one and the same." Compl. 2, ¶ 2.

Defendant Romlight International (U.S.A.), Inc. (Romlight) is a Delaware corporation headquartered in Albion, New York that possesses low-cost lighting technology. Compl. 2, ¶ 5.

Defendant Choshen Israel, LLC (Choshen) is a New York business entity and parent corporation to Romlight, Cardis, and Cardis USA. Compl. 3, ¶ 6. Plaintiff refers to all four entities as "the Company" and the "Corporate Defendants." Compl. 5, ¶ 25.

Defendant Aaron David Fischman is a current or former officer or director of Cardis, Cardis USA, Romlight, or Choshen. Compl. 2, 5 ¶¶ 1, 22, 26. He is currently barred by the Financial Industry Regulatory Authority (FINRA) from associating with FINRA members as a result of his violation of its rules by manipulating the price of a non-NASDAQ security. Compl. 5, ¶ 22. Defendant Steven Hoffman was a director or officer of one or more of the Corporate Defendants, and also a securities broker who was not registered with FINRA. Compl. 5, ¶¶ 23, 26. Defendant Lawrence Katz was also an unregistered securities broker, who, in addition to serving as an officer and director in of one or more of the one or more of the

business entity defendants, served as "Company attorney," and would receive and issue checks from plaintiff on behalf of "the Company" as "Lawrence Katz, Esquire." Compl. 5, ¶ 24. Avi Tokayer is a director or officer of one of the Corporate Defendants. Compl. 1–2, 5 ¶¶ 1, 26.

From 2007 through 2014, either Cardis or Cardis USA engaged broker-dealers for their private placement offerings. Compl. 7, ¶ 32. Either Cardis, Cardis USA, Romlight, or Choshen misrepresented to plaintiff in private placement memoranda that "the vast majority of the proceeds raised in the private placement offerings" would be used for marketing and product-development, but were actually used for executive compensation and directors' fees. Compl. 7, ¶ 35. The private placement memoranda overstated the "readiness, value, and sale of products incorporating so-called 'patented' technology." Compl. 3, ¶ 7.

On March 5, 2014, plaintiff confronted defendant Fischman at "the Company's" offices in Cedarhurst, New York, regarding the status of his investment in Romlight, and demanded an accounting and explanation of the "status of Romlight's operations." Compl. 7–8, ¶ 37. Fischman explained that he could not provide plaintiff with that information, "but that he could compensate [plaintiff] for his Romlight shares by paying him with shares in Cardis." Compl. 8, ¶ 38.

Between March 5, 2014, and March 24, 2014, plaintiff reviewed a press release dated October 9, 2013, issued by either Cardis or Cardis USA, which claimed that their software was functional, that it "enables several consumer transactions made at different retailers to be handled with only one transaction processed through the payment network, thereby significantly lowering the overall transaction costs," and that a company called "Spindle" was using the technology to process credit card transactions in vending machines. Compl. 8, ¶ 39. Plaintiff alleges that

3

Cardis's software does not function, that the deal with Spindle was not an arm's length transaction. Compl. 8, ¶ 40. "During the same time period," defendants Hoffman and Fischman orally stated to plaintiff that either Cardis or Cardis USA was negotiating a contract with Mastercard, that the companies were in negotiations with investment banks, and that they were going public, all of which were false. Compl. 8, ¶¶ 41–42. On March 25, 2014, defendant Hoffman sold plaintiff one million eight hundred forty-four thousand and fifty-six (1,844,556) shares of Cardis in exchange for plaintiff's shares in Romlight. Compl. 9, ¶ 43.

On November 27, 2014, plaintiff went to "the Company's" offices in Cedarhurst, New York, and "asked to see the Company's books, records, and evidence that it even owned any patents," which Fischman refused. Compl. 9, ¶ 44. At the same meeting, plaintiff accused Fischman of fraud, stating that Choshen, Romlight, Cardis, and Cardis USA "had no real operations, plan, or prospect for success," and that these companies "were merely vehicles to enrich [the] Individual Defendants and defraud investors," to which Fischman did not respond. Compl. 9, ¶ 45. The current value of plaintiff's shares in Cardis is zero dollars ($0). Compl. 4, ¶ 14.

## II. DISMISSAL MOTIONS

### A. Rule 12(b)(6)

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)) (internal quotation marks omitted). The court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-

moving party. *Id.* at 679. The court is limited "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). "Dismissal is appropriate when 'it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law.'" *Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SB*, 763 F.3d 198, 208–09 (2d Cir. 2014) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)).

B.  Securities Fraud Pleading Requirements (Counts I and II).

Defendants argues that plaintiff failed to plead fraud with particularity, especially the *scienter* element, because he did not specify the allegedly fraudulent statements or their speaker, and that plaintiff cannot rely on the "group pleading doctrine" to establish fraud as to each defendant. Def.'s Br. 11–14.

Section 10(b) of the Securities Exchange Act of 1934 forbids the "use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b). SEC Rule 10b-5 allows a plaintiff to recover against a party who, "'in connection with the purchase or sale of securities, . . . acting with *scienter*, made a false material misrepresentation or omitted to disclose material information and that plaintiff's reliance on defendant's action caused [plaintiff] injury.'" *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 95 (2d Cir. 2001) (citing *Press v. Chem. Inv. Servs. Corp.*, 166 F.3d 529, 534 (2d Cir. 1999) (alterations in original) (quoting *In re Time Warner Inc. Secs. Litig.*, 9 F.3d 259,

264 (2d Cir. 1993))). The elements of a Rule 10b-5 claim are: (1) "a material misrepresentation (or omission)"; (2) "*scienter, i.e.*, a wrongful state of mind"; (3) "a connection with the purchase or sale of a security"; (4) "reliance, often referred to in cases involving public securities markets (fraud-on-the-market cases) as "transaction causation"; (5) "economic loss"; and (6) "'loss causation,' *i.e.*, a causal connection between the material misrepresentation and the loss." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341–42, 125 S. Ct. 1627, 1631 (2005) (citations omitted). Section 20(a) extends liability to parties who controlled those parties responsible for the fraud. 15 U.S.C. § 78t; *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996).

Rule 9(b) requires a plaintiff to plead fraud, including securities fraud with particularity. *E.g., Freudenberg v. E\*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 179 (S.D.N.Y. 2010). "Rule 9(b) is intended 'to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit[.]'" *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991)). To satisfy Rule 9(b), a complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statement were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (internal citations and quotation marks omitted).

A plaintiff averring securities fraud must also satisfy the pleading requirements set forth in the Private Securities Litigation Reform Act of 1995 (PSLRA), which Congress enacted to "check . . . abusive litigation in private securities fraud actions." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 308, 127 S. Ct. 2499, 2501 (2007). PSLRA requires complaints

averring securities fraud to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1)(B). In addition, PSLRA requires a plaintiff to plead "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2).

A district court may dismiss a complaint that fails to plead fraud with particularity under either Rule 9(b) or Rule 12(b)(6). *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993) ("Dismissal under either rule is proper where the plaintiff cannot recover on the facts he has alleged.") (citing *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984)). However, it may constitute an abuse of discretion to dismiss fraud claims for pleading deficiencies without giving plaintiff an opportunity to amend his or her complaint. *See Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986) ("Because plaintiffs must be allowed an opportunity to amend to remedy deficiencies under Rule 9(b), we believe they may also amend the complaint in light of our discussion of sufficiency under Rule 12(b)(6).") (citations omitted); *Fezzani v. Bear, Stearns & Co.*, 384 F. Supp. 2d 618, 648 (S.D.N.Y. 2004) *on reconsideration in part*, No. 99 CIV. 0793 (RCC), 2004 WL 1781148 (S.D.N.Y. Aug. 10, 2004) ("The general rule is that leave to replead should be granted when a complaint is dismissed.") (citations omitted). *But see Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1132 (2d Cir. 1994) (finding no abuse of discretion where district court dismissed complaint under Rule 9(b) where plaintiff, having amended complaint once, did not seek further leave to amend in lieu of dismissal) (citations omitted).

To plead *scienter*, the complaint must either: "(1) allege facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness, or (2) allege facts to show that defendants had both motive and opportunity to commit fraud." *Rothman v. Gregor*, 220 F.3d 81, 90 (2d Cir. 2000) (citing *Stevelman v. Alias Research, Inc.*, 174 F.3d 79, 84 (2d Cir. 1999); *Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)). In determining whether a complaint pleads *scienter* with sufficient particularity, the court must determine "whether all of the facts alleged, taken collectively, give rise to a strong inference of *scienter*, not whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs*, 551 U.S. at 322–23, 127 S. Ct. at 2509. In reviewing a motion to dismiss, the court must weigh the inference of fraud against all other inferences, and the "complaint will survive . . . only if a reasonable person would deem the inference of *scienter* cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 324, 127 S. Ct. at 2510.

The group pleading doctrine allows a plaintiff pleading fraud to rely on a presumption that statements in "group-published" documents such as prospectuses, annual reports, or memoranda "are the collective work of those individuals with direct involvement in the everyday business of the company." *Dodona I, LLC v. Goldman, Sachs & Co.*, 847 F. Supp. 2d 624, 647 n.13 (S.D.N.Y. 2012) (quoting *In re Oxford Health Plans, Inc.*, 187 F.R.D. 133, 142 (S.D.N.Y. 1999) (citations and internal quotations omitted). The *scienter* of an executive can be imputed to the company. *City of Pontiac Gen. Employees' Ret. Sys. v. Lockheed Martin Corp.*, 875 F. Supp. 2d 359, 369 (S.D.N.Y. 2012) (citing *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008)).

The complaint alleges three fraudulent statements made to induce plaintiff to purchase shares in Cardis or Cardis USA: (1) the alleged March 5, 2014 and March 24, 2014 oral misrepresentations of defendants Fischman and Hoffman that Cardis or Cardis USA were negotiating a contract with Mastercard, were negotiating with investment banks, and were going public; (2) the October 9, 2013 press release by Cardis or Cardis USA which claimed working technology; and (3) misrepresentations in Cardis or Cardis USA's private placement memoranda regarding its sales, technology, and the use of plaintiff's investment monies.

The complaint refers to all four (4) corporate defendants, Cardis, Cardis USA, Romlight, or Choshen, interchangeably as "the Company," and alleges that Fischman, Tokayer, Hoffman, and Katz are officers or directors in one or more of them, but does not specify which defendant served as officer or director for which company. It further alleges that defendants Katz, Hoffman, and possibly Fischman were brokers, but does not specify for whom.

Without facts explaining the relationship of defendants Fischman or Hoffman to Cardis or Cardis USA, it cannot be inferred that either Fischman or Hoffman acted with the requisite *scienter* in stating that Cardis or Cardis USA was negotiating with Mastercard and investment banks and intended to go public. Further, without facts explaining the roles of defendants Fischman, Hoffman, Tokayer, and Katz within each company, it cannot be inferred that any of them controlled any company's day-to-day affairs and that these defendants would be liable under a "group-publication"-theory for the October 9, 2013 press release or the private placement memoranda. The complaint contains no specific allegations against defendants Tokayer, Katz, Romlight, or Choshen. Accordingly, plaintiff has not pleaded fraud with particularity with respect to defendants Fischman, Hoffman, Tokayer, Katz, Romlight, or

Choshen. Plaintiff has, however, plausibly alleged that the Cardis or Cardis USA October 9, 2013 press-release and private placement memoranda contained material misrepresentations, which induced him to purchase shares.

C.   New York State Law Fraud (Counts II, IV).

Defendants have moved to dismiss plaintiff's common law fraud claims, including his claim for punitive damages. Def.'s Br.22–23. The elements and pleading requirements for common law fraud mirror the requirements under federal law, and plaintiff's common law fraud claims against defendants Fischman, Hoffman, Tokayer, Katz, Romlight, and Choshen are also dismissed. *See, e.g., Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp. 2d 155, 171 (S.D.N.Y. 2009) (articulating New York state common law fraud pleading requirements in terms of federal securities fraud standard); *see generally Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 170 (2d Cir. 2015) (citing *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559, 883 N.Y.S.2d 147, 910 N.E.2d 976 (2009)). However, insofar as plaintiff has alleged that defendants Cardis and Cardis USA made misrepresentations to the general public in the form of press releases and private placement memoranda, he has stated a *prima facie* case of fraud. *E.g., Career Initiatives Corp. v. Palmer*, 893 F. Supp. 295, 296 (S.D.N.Y. 1995) (explaining that to recover punitive damages for fraud under New York law, the defendant's conduct must be directed at the general public, and involve "a high degree of moral culpability").

D.   Accounting (Count V).

Defendants moved for dismissal of plaintiff's accounting claim, arguing that this remedy is unavailable under the circumstances of the case.

10

> Delaware law provides a right to accounting only in the following circumstances: "(1) where there are mutual accounts between the parties; (2) where the accounts are all on one side but there are circumstances of great complication; and, (3) where a fiduciary relationship exists between the parties and a duty rests upon defendant to render an account.

*Kaufman v. Guest Capital, L.L.C.*, 386 F. Supp. 2d 256, 274 (S.D.N.Y. 2005); *Pan Am. Trade & Inv. Corp. v. Commercial Metals Co.*, 94 A.2d 700, 701 (Del. Ch.1953); *see Cutler v. Ensage, Inc.*, 856 N.Y.S.2d 23 (Sup. Ct. 2007) (Under New York law, a plaintiff must prove the existence of a fiduciary relationship to state a claim for an accounting); *Unitel Telecard Distribution Corp. v. Nunez*, 936 N.Y.S.2d 17, 18 (App. Div. 2011) (explaining that under New York law, defendant-corporation owed no fiduciary duty to shareholder-plaintiff and plaintiff must have no adequate remedy at law) (citing *Hyman v. New York Stock Exch., Inc.*, 848 N.Y.S.2d 51 (2007)). Plaintiff has not pleaded the existence of any fiduciary relationship; he has not stated a claim for an accounting under either Delaware or New York law and this claim is dismissed under Rule 12(b)(6). *See Kaufman*, 386 F. Supp. 2d at 274 (applying Delaware law where defendant was Delaware corporation); *Price v. Hal Roach Studios, Inc.*, 400 F. Supp. 836, 847 (S.D.N.Y. 1975) (applying New York law to equitable accounting claim against Delaware corporation headquartered in New York). Moreover he has not responded to defendant's arguments, which constitutes an independent grounds for dismissal. *See McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 143 (E.D.N.Y. 2014) (explaining that plaintiff's failure to respond to contentions raised in a motion to dismiss constitutes abandonment of those claims); *Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012).

E.  Rule 12(b)(5)

Defendants Cardis and Tokayer have moved for dismissal pursuant to Rule 12(b)(5), asserting defective service-of-process. By affidavit dated February 25, 2015, Greg Elias, Cardis's managing director states that Cardis is a limited liability company organized under the laws of Curaçao, were it is headquartered. Elias Affidavit (Aff.) ¶¶ 4–5. It conducts no business, has no offices, owns no property, and maintains no bank or brokerage accounts in the United States; does not direct any marketing toward people in the United States; and has no designated agent for service-of-process in the United States. Elias Aff. ¶¶ 6–10. By affidavit dated February 26, 2015, defendant Tokayer states that he is a citizen of Israel and has no property in the United States. Tokayer Affidavit (Aff.) 3–7. Both defendants assert that they were not served.

Rule 12(b)(5) gives a court discretion to dismiss a complaint for insufficient service-of-process. *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). A plaintiff bears the burden of proving adequate service, and must adduce some evidence to show adequate service. *E.g., DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64-65 (S.D.N.Y. 2010) (citations omitted). Here, plaintiff has submitted proof that he served defendant Tokayer at his residence in Israel, [Docket No. 12], and has indicated that he is attempting to serve, or has served, Cardis pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). Pl.'s Br. 5, Ex. 2; *see generally Sankaran v. Club Mediterranee, S.A.*, No. 97 CIV. 8318 (RPP), 1998 WL 433780, at *5 (S.D.N.Y. July 31, 1998) (explaining that service on Netherlands Antilles parent

12

corporation's United States subsidiary may suffice if foreign company sufficiently controlled subsidiary). Defendants' motion to dismiss under Rule 12(b)(5) is denied.

### III. MOTION TO AMEND PLEADINGS

Plaintiff requested leave to amend as an alternative to dismissal with prejudice. Pl.'s Br. 17. Rule 15(a) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]his mandate is to be heeded" especially "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (explaining that court abuses its discretion by refusing to allow amendment to a complaint without justification). In the absence of any of these reasons here, plaintiff's request for leave to amend his complaint is granted.

### IV. CONCLUSION

For the foregoing reasons, defendants' dismissal motion pursuant to Rule 12(b)(5) is denied, defendant's motion to dismiss under Rule 9(b) is granted in part, and denied in part, with leave for plaintiff to amend, and defendant's motion to dismiss under Rule 12(b)(6) is granted in part, and denied as moot in part.

**SO ORDERED.**

s/ Sandra J. Feuerstein<br>
Sandra J. Feuerstein<br>
United States District Judge

Dated: November 12, 2015
      Central Islip, New York