FILED
CLERK
1/25/2016 3:11 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
EDWARD HONIG,

              Plaintiff,

  -v-                                          Case No. 2:14-cv-7548 (SFJ)(GRB)

CARDIS ENTERPRISES INTERNATIONAL N.V.;
CARDIS ENTERPRISES (U.S.A.) INTERNATIONAL, INC.;
ROMLIGHT INTERNATIONAL (U.S.A.), INC.;
CHOSEN ISRAEL LLC;
AARON DAVID FISCHMAN;
AVI TOKAYER;
STEVEN HOFFMAN; and
LAWRENCE KATZ,

              Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

## ORDER
## on Motion for Reconsideration

On December 30, 2014, Plaintiff Edward Honig ("Plaintiff") brought a five (5)-count complaint against Defendants Cardis Enterprises International N.V. ("Cardis-NV"); Cardis Enterprises (U.S.A.) International, Inc. ("Cardis-USA") (collectively, the "Cardis Defendants"); Romlight International (U.S.A.), Inc. ("Romlight"); Chosen Israel LLC ("Chosen"); Aaron David Fischman ("Fischman"), Avi Tokayer ("Tokayer"); Steven Hoffman ("Hoffman"); and Lawrence Katz ("Katz")(collectively, "Defendants"), with Counts I and II alleging federal securities fraud (the "Securities Fraud Counts"), Counts III and IV alleging common law fraud (the "Common Law Counts"), and Count V seeking an accounting (the "Accounting Count") (the "Complaint"; *see* ECF No. 1). On March 30, 2015, the Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(5), and 12(b)(6) ("Dismissal Motion"; *see* ECF No. 17-7). The Plaintiff opposed the Dismissal Motion and requested leave to amend the Complaint (*see* ECF No. 17-10).

1

On November 12, 2015, the Court granted in part and denied in part the Dismissal Motion ("Dismissal Order"; *see* ECF No. 20). In particular:

    (a) the Securities Fraud Counts were dismissed pursuant to Rules 9(b) and 12(b)(6) as to the Defendants other than the Cardis Defendants;

    (b) the Common Law Counts were dismissed pursuant to Rule 12(b)(6) as to the Defendants other than the Cardis Defendants;

    (c) the Accounting Count was dismissed pursuant to Rule 12(b)(6) as to all Defendants; and

    (d) Cardis-NV's and Tokayer's Rule 12(b)(5) request for dismissal was denied.

The Court also granted Plaintiff's request to amend the Complaint pursuant to Rule 15(a)(2) in the Dismissal Order.

On November 19, 2015, the Court held a status conference in this case and, among other things, ordered (1) the Plaintiff to serve his amended complaint by January 5, 2016; (2) the Defendants to serve their answer or motion to dismiss by February 4, 2016; and (3) a continued status conference on February 24, 2016 (*see* (ECF No. 21).

On November 23, 2015 and pursuant to Rule 59(e), the Defendants with the exception of Romlight (hereafter, the "Moving Defendants"), moved for reconsideration of the Dismissal Order ("Reconsideration Motion"; *see* ECF No. 24) to the extend "it denied dismissal of the of the First, Second, and Fourth Claims, and, as set forth more fully herein the Third Claim, asserted *against Cardis USA*, on the grounds that the Court overlooked or misapprehended certain facts in making its determination . . ." (*Id.* at 6 (emphasis added).) The Moving Defendants believe the Court "misapprehended" the facts regarding Cardis-USA such that all claims against Cardis-USA should be dismissed. (*See id.* at 3, 5.) Specifically, the Moving Defendants contend that the claims asserted in the Complaint against "Cardis" are directed only at Cardis-NV, not Cardis-USA. (*See id.* at 4-5). The Plaintiff opposes the Reconsideration Motion (*see* ECF No. 24-2).

"It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Under the Second

Circuit's strict standard, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)(citation omitted). Whether to grant a Rule 59 motion for reconsideration is within a court's discretion. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Upon consideration of the Reconsideration Motion, the Court finds the Moving Defendants have raised a colorable argument that the Court may have overlooked (which they characterize as "misapprehended") certain facts in denying the Dismissal Motion as to Cardis-USA. In its discretion, the Court has reviewed the record to determine whether that is so.

After its review, the Court further finds it did not overlook or misapprehend facts alleged in the Complaint. Rather, while the drafting of the Complaint was slipshod, especially Plaintiff's having included only Cardis-NV in his definition of "Cardis" (*see* Complaint at 2, ¶3), it is apparent that the singular reference to Cardis throughout the Complaint included both Cardis-NV and Cardis-USA, especially when one reads *both* paragraphs (2) and (3):

> 2. Plaintiff Honig purchased in excess of 1.5 million shares of Cardis International N.V. stock in 2012 and 2014, based on false statements made by the individual defendants. *Cardis International N.V. operates in the United States as Cardis Enterprises (U.S.A.) International Inc., and these companies are, upon information and belief, one and the same.*
> 3. Cardis International N.V., a foreign Corporation, with headquarters in Amsterdam, Netherlands ("Cardis"), and locally incorporated affiliates, e.g., Cardis Enterprises International (U.S.A.) Inc., a Delaware corporation, held itself out to be a creator and franchisor of software products that were new cost effective technology, and valuable to the low value credit charge industry.

(Complaint at 2, ¶¶2-3 (emphasis added).) The Moving Defendants' reading of the Complaint is too myopic; the claims against "Cardis" include claims against Cardis-USA. Moreover, to the extent the Moving Defendants contend the Court did not address Count III – one of the two (2) Common Law Counts – they are incorrect. In Part II(C) of the Dismissal Order, the Court

addressed both of the Common Law Counts. That is apparent from the section's content and heading (*i.e.*, "New York State Law Fraud (Counts II, IV)"). The reference to "Count II" in the parenthetical portion of the section's heading was merely a scrivener's error.

ACCORDINGLY, IT IS HEREBY ORDERED that the Moving Defendants' Reconsideration Motion is granted.

IT IS FURTHER ORDERED that, upon reconsideration of its Dismissal Order, the Court's original November 12, 2015 ruling continues in full force and effect with the clarification that the denial of the Dismissal Motion applies to Count III as to both Cardis-NV and Cardis-USA.

Dated: January 25, 2016                         _/s/ __Sandra J. Feuerstein_____
      Central Islip, New York.                       Sandra J. Feuerstein
                                                         United States District Judge