FILED
CLERK
6/6/2016 2:46 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EDWARD HONIG,

                         Plaintiff,

      -against-

CARDIS ENTERPRISES INTERNATIONAL N.V.,
CARDIS ENTERPRISES (U.S.A.)
INTERNATIONAL INC., AARON DAVID
FISCHMAN, GREG ELIAS, and AVI TOKAYER,

                         Defendants.
----------------------------------------------------------------X
FEUERSTEIN, J.:

**ORDER**
14-cv-7548 (SJF)(GRB)

Before the Court is plaintiff Edward Honig's ("Plaintiff") May 24, 2016 letter motion to compel the disclosure of personal contact information for defendant Greg Elias ("Elias"), a citizen and resident of Curacao, in order to aid Plaintiff's efforts to effectuate service of process upon Elias. (Dkt. 35). For the following reasons, Plaintiff's motion is denied.

**I.    RELEVANT BACKGROUND**

On December 30, 2014, Plaintiff filed a complaint against corporate defendants Cardis Enterprises International N.V. ("Cardis N.V."), Cardis Enterprises (U.S.A.) International Inc. ("Cardis U.S.A."), Romlight International (U.S.A.) Inc., and Choshen Israel LLC, and individual defendants Aaron David Fischman, Avi Tokayer, Steven Hoffman, and Lawrence Katz (collectively, the "Original Defendants"), alleging violations of federal securities laws and common law fraud in connection with Plaintiff's purchase of Cardis N.V. stock between 2012 and 2014. (Dkt. 1).

On March 30, 2015, the Original Defendants moved to dismiss Plaintiff's complaint pursuant to Rules 12(b)(5), 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure, arguing,

1

*inter alia*, that Plaintiff failed to serve a summons and complaint upon Cardis N.V., a limited liability company organized under the laws of Curacao with its principal place of business in Curacao. (*Id.* at 5-7). In opposition, Plaintiff argued, *inter alia*, that (i) service upon Cardis U.S.A. also constituted service upon Cardis N.V. because "Cardis U.S.A. and Cardis N.V. are one in the same [sic]," and (ii) "Plaintiff is in the process of separately serving Cardis N.V. at its stated corporate headquarters in Curacao." (Dkt. 17-10 at 5). Plaintiff attached as an exhibit to his opposition brief a letter from Plaintiff's counsel to an unnamed member / employee of the "Head Civil Status Register Division" at the "Ministry of Public Administration, Planning and Services" in Curacao, purporting to seek assistance serving Cardis N.V. under the Hague Convention and listing Cardis N.V.'s corporate address in Curacao. (*Id.*, Ex. 2).[1] On November 12, 2015, the Court granted in part and denied in part the Original Defendants' motion to dismiss, and granted Plaintiff leave to file an amended complaint. (Dkt. 20).

During a status conference held on November 19, 2015, the Court, *inter alia*, directed defense counsel to disclose the identity of Cardis N.V.'s board members by 5:00 p.m. the next day. (Dkt. 21). In accordance with that directive, defense counsel left Plaintiff's counsel a voicemail identifying Elias as Cardis N.V.'s managing director. (Dkt. 35 at 1). On January 5, 2016, Plaintiff filed an amended complaint naming as defendants Cardis N.V., Cardis U.S.A., Fischman, Tokayer, and Elias (collectively, the "Defendants"). (Dkt. 25).

---

1 Both parties seem to be operating under the assumption that Curacao, one of the islands comprising the Netherlands Antilles, is a party to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. (*See id.* at Ex. 2; Dkt. 32-1 at 9; Dkt. 36 at 3). This assumption may not be correct. *See 1st Technology, LLC v. Digital Gaming Solutions S.A.*, No. 08-cv-586, 2008 WL 4790347, *10 (E.D. Mo. Oct. 31, 2008) (noting that "[t]he Netherlands Antilles is … not a signatory to the Hague Convention, or any other bilateral agreement" despite the fact that the Netherlands, a separate country, has signed the Hague Convention) (internal citations omitted).

On March 7, 2016, the Defendants moved to dismiss Plaintiff's amended complaint pursuant to Rules 12(b)(4), 12(b)(5), 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure, arguing, *inter alia*, that Plaintiff failed to properly serve (or serve at all) a summons and complaint upon Cardis N.V. (in Curacao), Elias (in Curacao), and Tokayer (in Israel). (Dkt. 32-2 at 7-12). In his March 7, 2016 opposition brief, Plaintiff argued, *inter alia*, that he was "currently in the process of attempting to locate … Elias in Curacao" so that he could effectuate service. (Dkt. 32-6 at 10).

During a status conference held on May 16, 2016, Plaintiff's counsel indicated that he had not served Elias with a copy of the summons and amended complaint, and asked that the Court compel Defendants to disclose Elias' personal contact information in Curacao to aid Plaintiff's service efforts. (Dkt. 34). On May 24, 2016, Plaintiff filed a letter motion in support of this request (Dkt. 35) ("Motion" or "Mot."), and on May 31, 2016 the Defendants filed a letter opposing Plaintiff's request (Dkt. 36) ("Opposition" or "Opp.").

**II.   DISCUSSION**

Plaintiff frames his request for Elias' personal contact information in Curacao as seeking "information that is reasonably calculated to lead to the discovery of admissible evidence"[2] given that Elias, as Cardis N.V.'s managing director, is likely to have information pertinent to Plaintiff's securities fraud claims. (*See* Mot. at 2). In support of his Motion, Plaintiff cites two (2) cases in which courts compelled defendants to produce documents or information deemed to fall within the ambit of permissible discovery under Rule 26(b)(1), and that have nothing to do with a court assisting a plaintiff in his efforts to serve a defendant before the commencement of

---

2 This language was included in Rule 26(b)(1) prior to the most recent amendments to that provision, effective December 1, 2015.

3

discovery. (*Id.*) (citing *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99 (S.D.N.Y. 2013) and *Bell v. City of New York*, No. 13-cv-5447, 2015 WL 5437306 (E.D.N.Y. Sept. 15, 2015)).

In their Opposition, Defendants frame Plaintiff's request as one for the Court's authorization of some alternative method of service upon a non-U.S. defendant pursuant to Rule 4(f)(3), and argue that Plaintiff has not shown that he has made reasonable attempts to effectuate service upon Elias or that judicial intervention is necessary, two (2) prerequisites for authorization of alternative means of service not set forth in Rule 4, but nonetheless imposed by courts within this Circuit. (*See* Opp. at 2-3). In support of their argument, Defendants cite cases in which courts grant or deny a plaintiff's request to serve non-U.S. defendants by some alternative means under Rule 4(f)(3) based upon the plaintiff's showing of previous efforts at service by traditional means and necessity of judicial intervention. *See, e.g., Prediction Co. LLC v. Rajgarhia*, 09-cv-7459, 2010 WL 1050307, *2 (S.D.N.Y. March 22, 2010) (granting plaintiff's request to serve Indian defendant through U.S.-based counsel where plaintiff had "actively, though unsuccessfully, attempted to obtain [Indian defendant's] address in a variety of ways" in order to serve under the Hague Convention); *Devi v. Rajapaska*, 11-cv-6634, 2012 WL 309605, *2 (Jan. 31, 2012) (denying plaintiff's request to serve Sri Lankan defendant by publication where plaintiff "vaguely claim[ed] to have made arrangements (or attempted to have made arrangements) to personally serve defendant upon two of his visits to foreign countries, but … [did] not suggest that he ha[d] actually carried out an attempt to serve defendant").

Plaintiff is requesting judicial assistance in obtaining information that will (arguably) help him effectuate service upon Elias in Curacao, by whatever means are available and/or considered proper in Curacao. Plaintiff's present application is more akin to a request to

4

conduct limited discovery in aid of effectuating service than it is to a motion to compel in the course of discovery, as Plaintiff suggests, or a motion to serve a non-U.S. defendant by some alternative means under Rule 4(f)(3), as Defendants suggest.  When presented with a motion to conduct limited discovery in aid of service, a key consideration is whether or not the plaintiff has made any demonstrable efforts to obtain the purportedly necessary information himself before seeking judicial intervention.  *See, e.g., In re China Educ. Alliance, Inc. Securities Litig.*, 10-cv-9239, 2011 WL 3715969, *3-4 (C.D. Cal. Aug. 22, 2011) (granting plaintiffs' request to lift PSLRA discovery stay for limited purpose of serving interrogatories concerning individual Chinese defendants' home addresses and government identification numbers where, "[d]espite extensive research, plaintiffs have been unable to locate the Unserved Defendants in order to serve them with the summons and complaint"); *Hufnagle v. Rino Intern. Corp.*, No. 10-cv-8695, 2011 WL 2650755, *1-2 (C.D. Cal. July 6, 2011) (granting plaintiff's request to lift PSLRA discovery stay for limited purpose of serving interrogatories concerning location of Chinese defendants where court found that "[p]laintiff has made efforts but has not been able to locate current addresses for the PRC-based defendants").

Unlike the plaintiffs in *China Education Alliance* and *Hufnagle*, Plaintiff offers no evidence that he has made any effort to serve Elias in Curacao or to obtain whatever information he may need to effectuate service.  Instead Plaintiff states conclusorily – for the first time in the nearly five (5) months that have elapsed since he filed the amended complaint naming Elias as a defendant – that "any attempt at serving Mr. Elias … would have been futile without Plaintiff first being able to obtain [his] contact information."  (Dkt. 35).  Plaintiff does not explain why his efforts would be futile.  Furthermore, Plaintiff knows Cardis N.V.'s official Curacao address (Dkt. 17-10 at 22) and is seemingly suing Elias in his official capacity as Cardis N.V.'s

5

managing director rather than in his personal capacity (*see* Am. Compl. ¶¶ 21, 34, 55, 56), but does not explain why he cannot serve Elias via Cardis N.V.'s official address under the rules of service applicable in Curacao (which seemingly may not be the Hague Convention, despite Plaintiff's belief otherwise) or whether he has even investigated this option.

Accordingly, the Court declines to issue an order compelling Defendants to disclose Elias' personal contact information.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel the disclosure of Elias' personal contact information is denied.

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: June 6, 2016
      Central Islip, New York