

**Hale Law LLC**

53 W. Jackson Boulevard, Suite 330
Chicago, IL 60604

1000 Woodbury Road, Suite 106
Woodbury NY 11797

312.870.6927 IL
516.918.4923 NY

January 9, 2017

Hon. Gary Brown
U.S. District Court, Eastern District of New York
Central Islip Courthouse
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Honig v. Cardis*, et al., 14-cv-7548 (SJF)(GRB)

Dear Judge Brown:

    I write on behalf of the plaintiff in this matter, Edward Honig ("Plaintiff" or "Honig"), and in support of Honig's motion to compel proper responses to interrogatories and production requests directed toward defendants Cardis USA, Cardis N.V., and Aaron Fischman (collectively referred to herein as "Defendants").[1]

    This case arises from a fraud that existed from at least 2007 and continues through to the present. (*See* Amended Complaint ("AC" ¶ 29). In 2007 and 2008, Plaintiff purchased from Defendant Fischman and his agents shares in company called Romlight. (*See* AC ¶¶ 37-39). Defendants made various statements in public and directly to Plaintiff in 2013 and 2014 that ultimately induced Plaintiff to purchase shares in Cardis N.V. (AC ¶¶ 39-41). These statements included claims by Defendants that Cardis had mad a deal with a company called Spindle and the supposedly imminent

---

[1] Because this letter is longer than the three pages allowed by the Court's individual rules, Defendants request leave of Court to exceed the page limitation. Good cause exists for extending the page limitation. Three different responses to the Plaintiff's interrogatories have been filed by the Defendants. Rather than file separate motions to compel to each Defendant to properly respond, Plaintiff files this one consolidated letter motion in an effort to streamline the issues for the court. Plaintiff has made his best effort to keep this letter motion a reasonable length given the breadth of material it covers, but Plaintiff requires an additional four pages in order to adequately brief the Court.

expectation that Cardis was going to be taken public through a major investment firm. (AC ¶¶ 39-41). Defendants also made claims that Cardis had real income and assets in the form of patents that were being used for a functional software product. These claims were all false. Instead, Cardis' income was generated from defrauding other investors and its "expenses" went to enriching the conspirators. In sum, it was a classic pyramid scheme.

Following the district court's denial of two successive motions to dismiss, Honig is now seeking information through discovery about Defendants' various public statements about its supposed assets and operations; the individuals that may have knowledge regarding the facts of the case; the sources of funds provided to Defendants, and how those funds were used. Honig issued interrogatories and production requests designed to obtain this information necessary to prosecute his case. (See Fischman's Responses to Honig's Interrogatories, attached hereto as Exhibit 1; Cardis' USA's Resp. to Honig's First Set of Interrogatories, attached hereto as Exhibit 2; Defendants' joint response to Honig's request for production, attached hereto as Exhibit 3; and Honig's First Set of Interrogatories to Cardis USA and Cardis N.V., attached hereto as Exhibit 4). Cardis N.V. as never responded to the discovery to date. As for Defendants Cardis USA and Fishman, despite the plain relevance of the discovery sought, Defendants stridently stand on objections. These delay tactics are improper and appropriate responses should be compelled.

### The Interrogatories Are Relevant in Subject Matter, Scope, and Duration

Any contention that the requested documents and/or interrogatories are not relevant should roundly be rejected. Pursuant to Fed. R. Civ. P. 26, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Relevant considerations include the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Ralph v Town of Southampton*, 15-CV-764 (JFB)(SIL), 2016 WL 3470041, at 3 (EDNY June 16, 2016). Additionally, although not unlimited, relevance, for the purpose of discovery, is an *extremely broad concept*." *U.S. Bank Nat. Ass'n v PHL Variable Ins. Co.,* 12 CIV. 6811 CM JCF, 2013 WL 1728933, at *2 (SDNY Apr. 22, 2013)(emphasis added). Finally, interrogatories are permissible insofar as they required claimant to disgorge information within its knowledge or possession. *Id.* at 5. Here, the interrogatories Honig issued to Defendants encompassed three major categories of questions. All of which substantially relate to the subject matter of this suit and the allegations made in the Amended Complaint. Honig needs proper responses to these interrogatories in order to prove his case and potentially collect money damages

in the event that he succeeds at trial. Therefore, Defendants should be compelled to answer.

In the first category of requests, Plaintiff has asked the Cardis Defendants to produce in discovery public records and/or statements that are related to Plaintiff's allegations. Examples of such interrogatory requests include:

- All documents relating to any patent held by the Companies (defined in the interrogatories (Ex. 4) as "Cardis Enterprises international N.V., Cardis Enterprises International, Inc., and/or Cardis Enterprises International, B.V., as well as any affiliated entity") from 2007 through 2014.
- All documents demonstrating the existence of any technology that the Companies or their affiliated entities had allegedly patented between 2007 through 2014.
- Documents relating to any functional product claimed by the Companies.
- Documents relating to any deal between the Companies (or their affiliates) and Spindle.
- Documents relating to any deal between the Companies or their affiliates and any investment bank.
- All business updates issued to investors from 2007 through 2014.
- All documents relating to SEC or other regulator compliance for the Companies

These interrogatory requests are clearly relevant to the charges in the complaint for two fundamental reasons. First, Plaintiff has alleged in his Amended Complaint that he was shown a PowerPoint presentation, and a press release was issued by the company stating that they already had a full fledged working product. (AC ¶¶ 39, 40, 41). Second, Plaintiff has alleged that he was assured that a patent on the product was pending, and that the Cardis had a contract with Spindle to launch the product. All of which was false or, at best, materially exaggerated. (AC ¶¶ 40, 41, 42). The Cardis Defendants are attempting to avoid disclosure of obviously relevant discovery. However, the district court has already decided that Plaintiff has alleged enough facts to proceed with his case.

In the second category of requests, Plaintiff has asked the Cardis Defendants to produce in discovery statements and documents that relate to the Plaintiff's investment and to Plaintiff himself. Examples of such interrogatory requests include:

- All communications between the Companies or any of its agents relating to the allegations set forth in Plaintiff's Amended Complaint.
- Any and all documents regarding communications between the Companies or any of its agents and Plaintiff.
- All documents Defendants intend to use in order to support their defenses at trial in this matter.

- The Companies' complete file relating to Edward Honig
- All documents referred to in response to any interrogatory propounded by Plaintiff against any defendant.

As an initial argument, the documents, records, and statements made to Plaintiff make completely embody the allegations made in the complaint. For the Cardis Defendants to object to these kinds of request on relevance grounds is just nonsensical. Additionally, in the Amended Complaint, Plaintiff has alleged that between Fischman told Plaintiff that "Cardis was engaged in extensive negotiations with investment banks and was imminently going to go public," and that "Cardis was in the midst of signing a contract with MasterCard," Again, all of which was false. (AC ¶¶ 41, 42, 58). Plaintiff is entitled to request discovery to obtain evidence to support his claims, and the Cardis Defendants actions are unreasonable and groundless.

In the third category of requests, Plaintiff has asked Defendant to produce financial statements that are important to establish where Cardis and defendant Fischman's funds are at the present time, and where Plaintiff's funds have been used for since the perpetration of this fraud began since at least 2007. Examples of such interrogatory requests include:

- The Companies' bank statements from 2007 to the present date.
- Bank statements of the executives and directors present in the Companies from 2007 through the present date.
- Documents relating to any investment funds received by the Companies or their agents from Plaintiff, including but not limited to any funds received from Lawrence Katz, or from any account controlled by Katz.
- All balance sheets, income statements, cash flow statements, ledgers, or financial statements relating to the Companies from 2007 through 2014.
- Documents establishing the salaries and/or compensation of any and all directors, executives, and managers of the Companies from 2007 to the present date.

First off, the Amended Complaint offers figures from Cardis N.V.'s 2011 and 2012 financial statements that seemingly support Plaintiff's contention: in 2011, $3,485,551 of $4,652,825 in total expenses were comprised of "consultancy" and "finders'" fees, and in 2012, $4,227,359 of $5,667,906 in total expenses were comprised of "consultancy and development fees." Consequently, Plaintiff has plausibly alleged that Fischman knowingly misrepresented material facts about Cardis N.V.'s technology and business prospects in order to secure investments from Plaintiff and others, the proceeds of which substantially went into Fischman's (and other directors') own pockets. Furthermore, Plaintiff has sufficiently alleged in the Amended Complaint that,

rather than using investment proceeds for "branding, marketing and product development," (as Plaintiff was assured the investment would be) those "proceeds went directly to Cardis directors and officers as executive salaries and directors' fees." (AC ¶¶ 32, 33). Finally, Plaintiff has plausibly alleged that Fischman and other executives of the company obtained a "concrete and personal" benefit as a result of the misrepresentations and therefore acted with the scienter required to sustain a claim under Section 10(b)/Rule 10b-5. As CEO, Fischman's scienter is attributable to Cardis N.V./Cardis U.S.A. See, e.g., *City of Pontiac Gen. Employees' Ret. Sys.*, 875 F. Supp. 2d at 369 (S.D.N.Y. 2012); *In re ChinaCast Educ. Corp. Sec. Litig.*, 809 F.3d at 472. Thus, the company's and its executives financial standing from 2007 until the present date are needed to establish not only the value of the company assessed against the damages Plaintiff suffered but also as evidence that since at least 2007 the Cardis Defendants have engaged in deliberate fraud.

In any case, Plaintiff has shown that the requested interrogatories and document requests are more than relevant to the issues in this case. Thus, it is overwhelmingly important that the Cardis Defendants be compelled to adequately comply with each category of interrogatory requests. Defendants further attempt to curtail their obligations with even more unsubstantiated and meritless objections. Reasons why these objections should be swiftly rejected are explained below.

## No Attorney/Client Privilege Is Enjoyed by Defendants' in Their Document Production

Pursuant to Fed.R.Civ.P 33(a)(1)(E)(i), a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request. Any claim by Defendants' that the requested documents are privileged should be quickly rejected. First off, Defendants have not provided a privilege log to validate their broad objections leaving their objections unsupported. According to Fed.R.Civ.P. 26(b)(5), a privilege log must be served with objections to document request, and failure to do so may result in waiver of privilege claims. *In re Chevron Corp.*, 749 F.Supp.2d 170 (SDNY 2010) (holding that failure to provide a privilege log resulted in waiver of the asserted privilege). Additionally, Defendants' cannot rest their objections on simply stating that the requested documents or information is subject to attorney/client privilege. The party opposing disclosure "has the burden of establishing privilege by showing, (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice. *Jacob v. Duane Reade, Inc.*, No. 11 Civ. 160, 2012 WL 651536, at 2 (S.D.N.Y. Feb. 28, 20120. Here, the documents requested are not covered by the attorney client privilege.

First, it is evident that the kinds of documents requested (such as any documents used in answering the interrogatories) are routinely created documents that take place in the normal course of business. Said kind of documents (even if they are between the Defendants and their counsel and intended to be kept confidential) are not made for the purposed of obtaining or providing legal advice. To that accord, the documents are not privileged. Nevertheless, even if Defendants do subsequently support their claim of privilege, they must still respond to the interrogatories to the best of their ability excluding the privileged information, yet the fail to provide any sufficient responses whatsoever. Second, due to the nature of the charge, the documents are indispensable in supporting Plaintiff's claim. The issues at hand encompass the need for production of bank records, financial statements, and any other documents related to the company's financial standing. In any case, Defendants' do not provide any support for their contentions.

## The Interrogatories Are Not Unduly Burdensome or Vague and Ambiguous, and are Not More Properly Obtained Through Depositions

Defendants are seeking to exclude discovery without a legitimate basis. According to Fed. R. Civ. P. 26(b)(2)(C). "General and conclusory objections as to relevance, over breadth, or burden are insufficient to exclude discovery of requested information." *Melendez v. Greiner,* No. 01 Civ. 7888, 2003 WL 22434101, at 1 (S.D.N.Y. Oct. 23, 2003). Moreover, Fed.R.Civ.P. 26(b)(1) states, "the objecting party must show specifically how each request is not relevant or how each question is overly broad, burdensome or oppressive." *U.S. Bank Nat. Ass'n v PHL Variable Ins. Co.*, 12 CIV. 6811 CM JCF, 2013 WL 1728933, at 2 (SDNY Apr. 22, 2013). Here, Defendants do not accomplish the requirements of providing any specifics to show how each request or question is overly broad or vague and ambiguous. Instead, they have listed the same objections in a very general sense to respond to each and every question. This is unacceptable, and thus insufficient to exclude discovery of the requested information.

Moreover, at the core of this matter is Defendants' fraudulent statements and misrepresentations to Plaintiff. Hence, Plaintiff is seeking to obtain information that is undoubtedly pertinent to his case, which further he is entitled to do so. Said statements were made to Plaintiff not only by the named Defendants, but also by the agents of Defendants. Therefore, Defendant's attempt to limit the interrogatories to a select few individuals by claiming such generalized objections is impermissible. Furthermore, pursuant to Fed. R. Civ. P. Rule 26(a)(1)(A)(i), mere mention of a name in an interrogatory response is insufficient to satisfy the requirement that a party identify individuals who not only are likely to have discoverable information, but also those whom the disclosing party may use to support its claims or defenses. *Lujan v Cabana Mgt., Inc.*, 284 FRD 50 (EDNY 2012) Here, the Cardis Defendants have done just that by providing a generic list of names; thus, effectively leaving the interrogatory requests unanswered.

The Cardis defendant assert that certain information Plaintiff is seeking is more properly obtain through depositions. This is not well founded. The purpose of the interrogatories is to discover facts or to learn where such facts are available and to narrow the issues of fact. "Disclosure of the names of witnesses with knowledge of the facts would accomplish this purpose." *United States v 216 Bottles, More or Less, Sudden Change by Lanolin Plus Lab. Div. Hazel Bishop Inc.*, 36 F.R.D. 695, 701 (EDNY 1965). Here, Plaintiff is attempting to do just that, and Defendants' baseless assertions cannot serve to impede the purpose. The Cardis Defendants are seemingly misconstruing the purpose of this exercise. To support their argument, the Cardis Defendant have communicated to Plaintiff that they object to the part of the interrogatories that ask the responding party to explain or describe their response. However, this is a standard tool used to narrow the issues and ensure that an effective response beyond a simple "yes" or "no" is provided to facilitate efficient discovery for the pending litigation of the issues.

## The Interrogatories Do Not Exceed the Number of Requests Allotted by Rule 33 of the Fed.R.Civ.P.

Defendants final roadblock is their assertion that the interrogatories somehow exceed the number allowed by Fed. R. Civ. P. 33. This is untrue. Plaintiff has not exceeded the number of interrogatories that are allotted. Plaintiff issued 21 interrogatories to the corporate defendants and 15 interrogatories to Defendant Fischman. Each interrogatory pertains to a singular subject matter and is as simple and straight forward as possible. Additionally, even if Defendant's assertions were true, they are still obligated to answer the interrogatories to the extent they perceived did not exceed the number allotted by Rule 33. However, they failed to do that as well, and there is nothing further here.

## Certification Pursuant to L.R. 37.3

Plaintiff made substantial efforts at resolving the issues raised in this motion without the need for court intervention. First, Plaintiff extended Defendants the courtesy of three separate extensions to respond to the interrogatories and requests for production. Following these extensions, Defendants submitted the discovery responses at issue, which, for the most part, stand on objections without providing responses at all. In addition, on January 5, 2016, the undersigned had a lengthy telephone conference with counsel for Defendants, Mendy Piekarsky, with the goal of reaching an agreement as to the issues in raised in this motion. However, despite counsel going through most of the discovery on a question-by-question basis, the parties are at impasse.

Respectfully submitted,

*/s/ Shneur Nathan*

cc: Counsel of Record (Via CM/ECF)